PRICE, Judge.
Harrell Lindsey has appealed the judgment rejecting his demands for benefits under the workmen’s compensation statute for a total and permanent disability alleged to have been caused by an injury suffered while in the employment with defendant, H. A. Lott, Inc., Contractors & Engineers.
We affirm.
*302 Plaintiff filed this suit on September 19, 1974, alleging that while he was working as a carpenter for defendant in the construction of the First National Bank building in Shreveport he had an accident on September 20, 1973, with an electric drill which caused him to become totally and permanently disabled. The case was not tried until nearly five years after the alleged accident. It should be noted however that plaintiff was represented by other counsel prior to December 17, 1977, at which time his present counsel was enrolled and took proper steps to bring the long delayed matter to trial.
It is uncontested that plaintiff suffered an accidental injury to his right arm when the bit of the drill he was operating to cut holes in a plywood form hit a metal rod causing the drill to twist in his hand. The issue is whether plaintiff has shown the injury was of sufficient severity to have caused the later manifestations of a thoracic outlet syndrome and cervical disc disease to which he attributes his disability.
Plaintiff, who had been recently employed by defendant as a carpenter, informed defendant’s superintendent of the incident of a drill twisting in his hand on the date in question, but he did not contend he had hurt himself and kept on working. The following day, September 21, 1973, when plaintiff indicated he had some soreness in his arm, the superintendent sent him to the office of Dr. R. E. Rushing for examination. Dr. Rushing found the extent of the injury to be a tenderness of the muscles surrounding the right elbow and prescribed no treatment other than a recommendation for hot packs and aspirin if needed for pain. Plaintiff returned to work the same day and continued to work the remainder of the week without apparent complaint. His employment was terminated at the end of that same week because of his lack of skill in carpentry work according to the testimony of his foreman, L. E. Sherill.
Plaintiff did not seek further medical attention until approximately nine months later when he consulted Dr. Charles B. Itzig, a general surgeon, on July 15, 1974, with complaints of pain in his right arm and shoulder following use of these members.
Surgery to remove plaintiff’s first rib was performed by Dr. Itzig to correct his diagnosis of a thoracic outlet syndrome, a compression of major nerves leading from the thoracic region into the shoulder and arm. Plaintiff later consulted Dr. W. W. Fox, III, an orthopedic surgeon, for continued complaints of pain in the cervical region, and Dr. Fox surgically fused three discs in his cervical spine to correct a probable diagnosis of disc disease.
Plaintiff contends the incident which he experienced with the electric drill on September 20, 1973, caused the thoracic outlet syndrome and the cervical disc disease which have continuously disabled him from performing his trade as a carpenter since the date of the accident.
The trial judge in written reasons for judgment found plaintiff’s testimony, and that of his family members offered in corroboration, to be lacking in credibility. The trial judge summarized plaintiff’s evidence as follows:
During the course of this litigation, Mr. Lindsey has given various versions of the manner in which the accident occurred, has exaggerated the size of the electric drill which he was operating at the time of the accident and has contended that he has suffered constant pain from the time of the accident in 1973 up until the present and that he has been unable to do any work whatever since 1973. A review of all the evidence adduced during the course of this litigation convinces us that at the time’ of the accident, Mr. Lindsey was operating a small drill, rather than a large one as he described. (See testimony of Mr. Alton Tharp and Mr. L. E. Sherill.) Although this small drill did twist Mr. Lindsey’s arm, he never made any complaint to the initial treating physician of pain in his neck or chest. After Mr. Lindsey’s employment was terminated, and although he testified that he was in constant pain of great severity, he did not contact any physician until nine months after the minor injury which he suffered on September 20, 1973.
*303 Upon contacting Dr. Charles Itzig, Dr. Itzig ultimately diagnosed Mr. Lindsey’s difficulty as thoracic outlet syndrome. Although Dr. Itzig thought that the accident of September 20, 1973, could have been the cause of the onset of thoracic outlet syndrome, the testimony shows that he based his conclusion upon plaintiff’s statement that he was injured while operating a large drill and that he had been in constant and severe pain from the time of the accident until he saw Dr. Itzig nine months thereafter.
At the time of the accident, plaintiff complained to Dr. Rushing only of pain in his right arm. There were no complaints of pain in the neck or chest. Considering the size of the drill being operated by plaintiff at the time of the accident and the lack of complaint of pain in the areas just mentioned, it is apparent that the trauma resulting from the accident was not of the kind to cause injury to the anterior scalene muscles sufficient to cause problems in the thoracic outlet. Also, the evidence has not shown such a trauma would cause the problems plaintiff later suffered with his neck.
Although plaintiff’s counsel has strenuously urged that Mr. Lindsey was one who did not like to consult physicians and was a man of limited education and therefore, may have been confused in his testimony, nevertheless, we conclude that Mr. Lindsey’s description of the manner in which the accident occurred and his testimony about the constant pain he suffered from the time of the accident for a full nine months before consulting a physician to be incredible.
Plaintiff makes two specific assignments of error relating to the above findings of the trial court:
1) That the court erred in concluding plaintiff complained to Dr. Rushing only of pain in his right arm.
2) That the court erred in concluding the trauma resulting from the accident was not of the kind to cause injury to the anterior scalene muscles sufficient to cause problems in the thoracic outlet.
We believe that a fair interpretation of the medical reports of Dr. Rushing which were introduced in lieu of his testimony reveal that the primary complaint of plaintiff was tenderness in his right arm. The report does indicate Dr. Rushing did make an examination of the shoulder which did not indicate any limitation of motion in the shoulder joint. We do not therefore find the trial court significantly misconstrued plaintiff’s complaints to Dr. Rushing.
The trial court did not see fit to believe the plaintiff’s version of the severity of the trauma received when the drill bit hit the metal rod. In view of the several contradictions in plaintiff’s trial testimony from his description of the incident in pre-trial depositions, the trial court was justified in according very little weight to his testimony. Dr. Itzig testified the stress necessary to cause a stretch of the brachial plexus would occur when the arm is suddenly twisted in an unusual position further than the nerves can tolerate. Dr. Fox testified that the probable causal relationship of the accident and plaintiffs thoracic outlet syndrome became more probable in proportion to the size and weight of the drill and bit being used. Although plaintiff contended he was using a very heavy drill, weighing from thirty to sixty pounds and a bit of % inch, the trial court concluded the drill weighed less than ten pounds and the bit had a diameter of Vz inch. This finding is supported by the testimony of the carpentry foreman, L. E. Sherill, who issued the drill to plaintiff. It should be noted that Sherill was no longer employed by defendant at the time of the trial of this matter.
After a review of all the evidence in the record, we cannot say that the trial court was clearly wrong in its conclusion that the trauma received was not sufficient to have caused the thoracic outlet syndrome or the cervical disc disease.
The Supreme Court recently reiterated the extent of appellate review in compensation cases in Crump v. Hartford Acc. & Indem. Co., 367 So.2d 300 (La.1979), as follows:
*304 On appellate review, the trial court’s factual findings of work-connected disability are entitled to -great weight. They should not be disturbed where there is evidence before the trier of fact which, upon the latter’s reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s findings, unless clearly wrong. The reviewing court should not disturb reasonable evaluations of credibility and reasonable inferences of fact by the trial court, even though the reviewing court is of the opinion that other evaluations and inferences are as reasonable.
For the foregoing reasons, the judgment is affirmed.
MARVIN, J., dissents with written reasons.